The Honorable Mike Bearden State Senator P.O. Box 1824 Blytheville, Arkansas 72316
Dear Senator Bearden:
This is in response to your request for an opinion on whether the records sent from the chancery courts across the state to the Bureau of Vital Statistics are public records and therefore come within the Freedom of Information Act ("FOIA," codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Specifically, you indicate that it is your understanding that copies of divorce decrees and/or settlement agreements entered in the various chancery courts are sent to the Arkansas Bureau of Vital Statistics and are not regarded by the Bureau as public records subject to the FOIA.
It is my opinion that the records in question, once within the custody of the Bureau of Vital Statistics, are not subject to disclosure under the FOIA.
Section 20-18-502 of the Arkansas Code requires courts of this state to forward to the Division of Vital Records each month the records of each divorce granted during the preceding calendar month. The filing of these records is required prior to the granting of a final decree of divorce. These records, once within the custody of the Division of Vital Records, fall within the definition of "vital records" as set out at A.C.A. §20-18-102(1). Section 20-18-304(a) provides that:
 (a) To protect the integrity of vital records, to insure their proper use, and to insure the efficient and proper administration of the system of vital statistics, it shall be unlawful for any person to permit inspection of or to disclose information contained in vital records or to copy or issue a copy of all or part of any record except as authorized by this chapter and by regulation or by order of a court of competent jurisdiction.
Section 25-19-105(a), a provision of the FOIA, states that all public records are open to inspection "[e]xcept as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise. . . ." In my opinion, A.C.A. §20-18-304(a) is a law specifically enacted to provide otherwise. This fact has been recognized by Professor John Watkins in his book, The Arkansas Freedom of Information Act (mm Press 1988) at 141, n. 186 and at 146, n. 215.
It is therefore my opinion that the Bureau of Vital Statistics has properly determined that the records it receives from the chancery courts are not subject to disclosure under the FOIA. Of course, the records may be "public records" subject to the FOIA when in the custody of the court in question, assuming there is no court order to the contrary. See A.C.A. § 25-19-105(b)(8).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh